IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 10-20006-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| JEFFREY M. LICHTENBERGER, ) | No. 12-2399-KHV |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On March 16, 2010, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. On October 12, 2010, the Court sentenced defendant to 136 months in prison. Defendant did not appeal. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #34) filed June 25, 2012. For reasons stated below, the Court overrules defendant's motion.

**Analysis**

The government contends that defendant's motion is procedurally barred because it is untimely. Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[1] If defendant does not directly appeal his

---

[1] The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(continued...)

conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, the Clerk entered judgment on October 13, 2010. Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later on October 27, 2010. Therefore defendant had until October 27, 2011 to file a motion to vacate under Section 2255.

Defendant filed his Section 2255 motion on June 25, 2012, some eight months after the one-year deadline. In his motion, defendant did not assert any basis for tolling the statutory deadline. In his reply, defendant asserts that his motion is subject to equitable tolling because (1) he told counsel to file an appeal, (2) he was in "federal holding" from October 13, 2010 to August 30, 2011,[2] (3) he learned in late December of 2011 or January of 2012 that counsel had not filed an appeal, and (4) as soon as possible after he learned that counsel had not filed an appeal, he filed his Section 2255 motion.

Under subsection four of Section 2255, equitable tolling is available when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused his failure to timely file. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert.

---

[1](...continued)
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[2] The return (Doc. #33) filed August 30, 2011 reflects that defendant arrived at FCI - Forrest City on April 22, 2011. Accordingly, it appears that defendant was no longer in "federal holding" as of April 22, 2011.

denied, 531 U.S. 1194 (2001). The Tenth Circuit has noted that egregious attorney misconduct may constitute extraordinary circumstances that justify a failure to timely file. Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007). Here, defendant has not shown extraordinary circumstances beyond his control or that he diligently pursued his claims. See id. at 1257 (petitioner must show that he acted with reasonable diligence); Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000) (petitioner must show that after learning pertinent facts, he diligently pursued federal habeas claim). In particular, defendant does not explain why (1) he did not attempt to monitor any appeal during his six months in federal holding, (2) it took him eight months after he arrived at FCI - Forrest City to discover that his attorney did not file an appeal, and (3) it took him some six more months to file his Section 2255 motion. See Penn v. Kline, 348 Fed. Appx. 344, 347 (10th Cir. 2009) (attorney failure to file petition does not indefinitely toll limitations period; defendant's delay of nearly ten months insufficient to show diligence required for equitable tolling); Brown v. United States, 20 Fed. Appx. 373, 375 (6th Cir. 2001) (mistaken belief that counsel was prosecuting appeal insufficient to invoke equitable tolling because defendant failed to monitor status of appeal); see also Fleming, 481 F.3d at 1255-56 (even incarcerated clients must vigilantly oversee attorney conduct and ultimately bear responsibility for attorney error). Accordingly, defendant has not shown that he is entitled to equitable tolling of the limitations period.[3]

---

[3] In an unpublished opinion, the Tenth Circuit stated as follows:

> We are also unpersuaded by [defendant's] remaining assertion–that equitable tolling applies because his attorney disregarded his instruction to file a direct appeal from the district court's sentencing. Even assuming that [defendant] asked his attorney to file an appeal and that– as [defendant] implicitly asserts–he believed his sentence had been appealed, the statute of limitations still bars his claim because he filed his habeas petition a full year after the statute had run. Although [defendant] may have

(continued...)

Under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson, 232 F.3d at 808 (equitable tolling available in rare and exceptional circumstances such as when prisoner "actually innocent"). Here, defendant pled guilty, he does not allege that he is actually innocent and all the claims in his Section 2255 motion address sentencing issues.[4]

Because defendant had not alleged a sufficient basis to toll the deadline to file a Section 2255 motion, the Court overrules his motion as untimely.

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States

---

[3](...continued)
reasonably thought for a few months that his attorney had filed a notice of appeal, he did not "diligently pursue [ ] his claims," because he apparently took no action to inquire regarding the status of his direct appeal and because he waited two full years to file his habeas petition. Accordingly, the district court did not err in declining to hold an evidentiary hearing or in concluding that [defendant's] habeas petition was barred by the applicable statute of limitations.

United States v. Galindo, 406 Fed. Appx. 322, 324 (10th Cir.) (citation omitted), cert. denied, 131 S. Ct. 2466 (2011).

[4] Absent a believable reason justifying departure from the apparent truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted, such statements are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (defendant's declaration at Rule 11 hearing carries strong presumption of verity); United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) (judges need not let litigants contradict themselves so readily; motion that can succeed only if defendant committed perjury at plea proceedings may be rejected out of hand unless defendant has compelling explanation for contradiction).

v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #34) filed June 25, 2012 is OVERRULED. A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

---

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 18th day of January, 2013 at Kansas City, Kansas.

<div style="text-align: right;">
s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge
</div>