**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | CRIMINAL ACTION |
| v. | ) ) | No. 10-20006-01-KHV |
| JEFFREY M. LICHTENBERGER, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

On March 16, 2010, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. On October 12, 2010, the Court sentenced defendant to 136 months in prison. Defendant did not appeal. On January 18, 2013, the Court overruled defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #34) filed June 25, 2012. <u>See</u> <u>Memorandum And Order</u> (Doc. #43). This matter is before the Court on defendant's <u>Motion For A Delayed Appeal Of A Criminal Sentence</u> (Doc. #45) filed May 2, 2013, which the Court construes as a second or successive petition under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

## Analysis

After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. <u>See</u> <u>United States v. McIntyre</u>, 313 Fed. Appx. 160, 162 (10th Cir. 2009); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. <u>Bradshaw</u>, 86 F.3d at 166.

A defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002).

The Court in its discretion construes defendant's present motion as a second or successive petition under 28 U.S.C. § 2255.[1] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1223 n.16.

Because it appears that defendant's motion is without merit, the Court overrules the motion rather than transferring it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy authorization

---

[1] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely, however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Defendant argues that he is entitled to a delayed direct appeal of his sentence. Defendant apparently argues either that (1) counsel failed to consult him about an appeal or (2) he specifically directed counsel to file an appeal. Defendant's claim is closely related to the equitable tolling argument which he raised in his reply in support of his Section 2255 motion. In his reply in support of his Section 2255 motion, defendant asserted that his motion was subject to equitable tolling because (1) he told counsel to file an appeal, (2) he was in "federal holding" from October 13, 2010 to August 30, 2011, (3) he learned in late December of 2011 or January of 2012 that counsel had not filed an appeal, and (4) as soon as possible after he learned that counsel had not filed an appeal, he filed his Section 2255 motion. Because defendant had not alleged a sufficient basis to toll the deadline to file a Section 2255 motion, the Court overruled his Section 2255 motion as untimely.[2]

---

[2] In an unpublished opinion, the Tenth Circuit stated as follows:

> We are also unpersuaded by [defendant's] remaining assertion – that equitable tolling applies because his attorney disregarded his instruction to file a direct appeal from the district court's sentencing. Even assuming that [defendant] asked his attorney to file an appeal and that – as [defendant] implicitly asserts – he believed his
> (continued...)

See Memorandum And Order (Doc. #43) at 4. The Court also denied a certificate of appealability as to its ruling on defendant's Section 2255 motion. See id. at 5.

Defendant's conclusory allegations in his present motion that he is entitled to a delayed appeal are insufficient to warrant the filing of a second or successive Section 2255 motion. Accordingly, the Court declines to transfer the present motion to the Court of Appeals for processing.

**IT IS THEREFORE ORDERED** that defendant's Motion For A Delayed Appeal Of A Criminal Sentence (Doc. #45) filed May 2, 2013, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, be and hereby is **DISMISSED for lack of jurisdiction**.

Dated this 10th day of June, 2013 at Kansas City, Kansas.

                                                   s/ Kathryn H. Vratil
                                                   KATHRYN H. VRATIL
                                                   United States District Judge

---

[2](...continued)
sentence had been appealed, the statute of limitations still bars his claim because he filed his habeas petition a full year after the statute had run. Although [defendant] may have reasonably thought for a few months that his attorney had filed a notice of appeal, he did not "diligently pursue [ ] his claims," because he apparently took no action to inquire regarding the status of his direct appeal and because he waited two full years to file his habeas petition. Accordingly, the district court did not err in declining to hold an evidentiary hearing or in concluding that [defendant's] habeas petition was barred by the applicable statute of limitations.

United States v. Galindo, 406 Fed. Appx. 322, 324 (10th Cir.) (citation omitted), cert. denied, 131 S. Ct. 2466 (2011).